UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERI C. JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>U.S. COPYRIGHT OFFICE, )<br>)<br>Defendant. ) | Civil Action No.  23-03921 (UNA) |

## **MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint against the U.S. Copyright Office and an application to proceed *in forma pauperis*.  The Court will grant the application and dismiss the case for want of jurisdiction.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.

The United States and components like the U.S. Copyright Office may be sued only upon consent, *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted), and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit," *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  A waiver of the United States' immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).  Thus, a plaintiff's failure to plead facts that bring the suit within the court's jurisdiction warrants dismissal of the case.  Fed. R. Civ. P. 8(a), 12(h)(3).

Plaintiff, a resident of Atlanta, Georgia, filed initially a "Complaint for a Civil Case Alleging Negligence," ECF No. 1, and subsequently a "Summary Complaint With Injunction Request," ECF No. 3 (Am. Compl.), albeit "for loss of revenue[,]" *id*. at 1.  The pleadings are unclear; however, both demand $15 million for Defendant's alleged failure to protect Plaintiff's creations from copyright infringement.  *See* Am. Compl. at 2 ("I'm suing The U.S. Copyright Office for everyone that [sic] has stolen my creations in which I paid The U.S. Copyright Office to 'protect' and to prevent such acts of copyright infringement from happening without penalty."). Allegedly, Plaintiff "was misled to believe that" her music and "ALL . . . creative aspects of [her] vocal creations  . . . were protected by the copyrights [she] paid for." *Id*. at 1 (capitalization in original).

Plaintiff has not asserted a valid waiver of the United States' immunity.[1]  Regardless, the Federal Tort Claims Act (FTCA) waives the United States' immunity for certain claims for money damages.  *See* 28 U.S.C. §§ 1346(b)(1), 2674, 2679-80; *Ali v. Fed. Bureau of Prisons,* 552 U.S. 214, 217–18 (2008) (summarizing circumstances).  Before maintaining a lawsuit, however, an FTCA claimant must exhaust her administrative remedies by presenting the claim to the appropriate federal agency and obtaining a final written denial of the claim.  28 U.S.C. § 2675(a). If an agency fails to render a decision within six months after the claim is submitted, the claimant may proceed to court "any time thereafter" on what is "deemed" to be "a final denial." *Id*.

---

[1]  The subheading in the caption of the initial complaint cites "28 U.S.C. § 1332; Diversity of Citizenship" but this jurisdictional provision does not apply to the United States because it is not a "citizen." *Cf. Long v. District of Columbia*, 820 F.2d 409, 412 (D.C. Cir. 1987) (noting that "[t]he Supreme Court long has held that states," as non-citizens, "are not subject to diversity jurisdiction under [§ 1332]"); *see also Saahir v. United States*, 2023 WL 4931084, at *3 (M.D. Fla., Mar. 20, 2023) (noting that "the diversity statute does not authorize suits against the United States or its agencies; so, claims brought against the United States cannot be brought under 28 U.S.C. § 1332") (cleaned up)).

Nothing suggests that Plaintiff pursued, much less exhausted, her administrative remedies under the FTCA, and in this circuit, the FTCA's exhaustion requirement is "jurisdictional." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Norton v. United States*, 530 F. Supp. 3d 1, 6-7 (D.D.C. 2021) (collecting cases).  Consequently, this case will be dismissed by separate order.

Date: February 6, 2024

/s/
RUDOLPH CONTRERAS
United States District Judge